UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

*1 FIVE 0, INC.,*
formerly known as
ULTRA TOOL & PLASTICS, INC.,
373 Cottonwood Drive
Williamsville, New York 14221,

                 Plaintiff,

-vs-

A. SCHULMAN, INC.,
3550 West Market Street
Akron, Ohio 44333,

                 Defendant.

COMPLAINT IN A CIVIL CASE

Case Number:
99 CV-0354 (Sc)

 

Plaintiff, **1 FIVE 0, INC.,** formerly known as *ULTRA TOOL & PLASTICS, INC.,* by its attorneys *Michael J. Stachowski, P.C.,* complaining of the defendant, **A. SCHULMAN, INC.,** respectfully alleges:

1.   *Plaintiff, 1 FIVE 0, INC.,* formerly known as *ULTRA TOOL & PLASTICS, INC.,* is a corporation incorporated under the laws of the State of New York with its principal place of business located at 373 Cottonwood Drive, Williamsville, New York 14221.

2.   *Defendant, A. SCHULMAN, INC.,* is a corporation incorporated under the laws of the State of Delaware with its principal place of business located at 3550 West Market Street, Akron, Ohio 44333.

-1-

3.   This is a civil action of which this Court has original jurisdiction to hear this complaint under the provisions of Title 28, United States Code Section 1332, in that this is a civil action wherein the matter and controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

AS AND FOR A FIRST CAUSE OF ACTION

4.   Plaintiff repeats, realleges and reiterates each and every allegation contained in his complaint as if more fully and specifically set forth herein at large.

5.   On or about the 26th day of May, 1995, defendant sold and delivered to plaintiff ten thousand pounds of defendant's material, known as "Schulamid", for the sum of $11,000.00, paid by plaintiff to defendant.

6.   At the time of sale, and as part thereof, and as an inducement to plaintiff to purchase defendant's "Schulamid", defendant represented and warranted to the plaintiff that the defendant was an Approved Source of material by Delphi Harrison Radiator, a Division of General Motors, (hereinafter referred to as "Delphi") for thermal applications and, specifically, for plaintiff's manufacture for and on behalf of Delphi Part Numbers 3058619 and 3058621 and that defendant's "Schulamid" was the

-2-

correct material for the said thermal application and for plaintiff's manufacture for and on behalf of Delphi of Part Numbers 3058619 and 3058621.

7.    Plaintiff then purchased said "Schulamid" in reliance on defendant's representations and warranties and utilized defendant's "Schulamid" in the production of 16,694 parts of Part Number 3058619 from September of 1996 through March of 1997 and 1848 parts of Part Number 3058621 from February through March of 1997.

8.    Plaintiff shipped and sold 15,194 of the 16,694 said parts and 1248 of the 1848 said parts to Delphi and said parts were utilized in the manufacture of General Motors vehicles.

9.    Plaintiff was thereafter notified that defendant's said material used in the parts was degrading, decomposing and dis-solving in General Motors vehicles because defendant's material was not to specification regarding a number of factors, including but not limited to, glass content, specific gravity, tensile strength, impact strength and heat distortion.

10.   Furthermore, defendant's representations and warranties were false and untrue in that, in truth and fact, defendant was not an Approved Source by Delphi for the material utilized in the thermal applications for the manufacture of Part Numbers 3050619

or 3058621, and, further, that defendant's "Schulamid" was not the correct material for the thermal applications for the manufacture of Part Numbers 3058619 or 3058621.

11.   That at the time of delivery and acceptance of said "Schulamid", plaintiff did not know that defendant was not an Approved Source by Delphi for the material utilized in the thermal applications for the manufacture of Part Numbers 3050619 or 3058621, and, further, that defendant's "Schulamid" was not the correct material for the thermal applications for the manufacture of Part Numbers 3058619 or 3058621.

12.   Plaintiff gave notice to defendant of the falsity of said representations and warranties when plaintiff had knowledge thereof.

13.   Plaintiff has lost large sums of money with its customer and for which plaintiff was compelled to make good by reason of said breach on the part of the defendant and that as a direct result of the foregoing plaintiff has been or will be damaged in the sum of FOUR MILLION DOLLARS, no part of which has been paid by the defendant.

## AS AND FOR A SECOND, SEPARATE AND DISTINCT CAUSE OF ACTION

14.   Plaintiff repeats, realleges and reiterates each and

-4-

every allegation contained in his complaint as if more fully and
specifically set forth herein at large.

15.  At all times herein mentioned, defendant was and
continues to be engaged in the business of selling material
to be utilized by manufacturers, such as the plaintiff, in the
production of resin and plastic parts.

16.  On or about the 26th day of May, 1995, the defendant
sold and delivered to plaintiff ten thousand pounds of defen-
dant's material, known as, "Shulamid", for the sum of
$11,000.00, paid by plaintiff to defendant.

17.  Plaintiff purchased the same for the specific purpose
of plaintiff's manufacture for and on behalf of Delphi Harrison
Radiator, a Division of General Motors, Part Numbers 3058619 and
3058621.

18.  Defendant had knowledge of the specific purpose for
which said "Schulamid" was purchased by plaintiff and then and
there represented and warranted the same to be fit and proper for
such purpose.

19.  Plaintiff relied upon said representation and warranty
and used the same "Schulamid" for the purpose aforesaid, but that
the same later degraded, decomposed, dissolved, and became

-5-

useless and damaging, so as to be without strength or cohesive
power and was utterly unfit for use in manufacturing of said
parts.

20.  By reason of the aforesaid, plaintiff has been or will
be damaged in the sum of FOUR MILLION DOLLARS, no part of which
has been paid by the defendant.

AS AND FOR A THIRD, SEPARATE
AND DISTINCT CAUSE OF ACTION

21.  Plaintiff repeats, realleges and reiterates each and
every allegation contained in his complaint as if more fully and
specifically set forth herein at large.

22.  On or about the 26th day of May, 1995, the defendant
sold and delivered to plaintiff ten thousand pounds of defen-
dant's material, known as, "Schulamid", for the sum of
$11,000.00, paid by plaintiff to defendant.

23.  At such time, in order to induce the plaintiff to
purchase said "Schulamid" then owned and held for sale by defen-
dant, defendant represented and warranted the same to be of good
and merchantable quality.

24.  Plaintiff relied upon said representation and warranty
and was induced thereby to purchase said "Schulamid", but that

-6-

the same was not at the time of said sale and warranty, of good
and merchantable quality, nor suitable, but it was, in truth and
fact, though unknown to plaintiff at the time, of bad and
unmerchantable quality at the time of said sale, unfit for
plaintiff's use in manufacturing, worthless and damaging to
plaintiff's finished products.

25.   By reason of the aforesaid, plaintiff has been or will
be damaged in the sum of FOUR MILLION DOLLARS, no part of which
has been paid by the defendant.

AS AND FOR A FOURTH, SEPARATE
AND DISTINCT CAUSE OF ACTION

26.   Plaintiff repeats, realleges and reiterates each and
every allegation contained in his complaint as if more fully and
specifically set forth herein at large.

27.   On or about the 26th day of May, 1995, the defendant
sold and delivered to plaintiff ten thousand pounds of defen-
dant's material, known as, "Schulamid", for the sum of
$11,000.00, paid by plaintiff to defendant.

28.   At the time of said sale, and as part thereof, and as
an inducement to plaintiff to purchase said "Schulamid", defen-
dant represented and stated to plaintiff that the defendant was

-7-

an *Approved Source* of material *by Delphi Harrison Radiator, a*
*Division of General Motors, fur thermal applications and, specif-*
*ically, for plaintiff's manufacture for and on behalf of Delphi*
*part Numbers 3058619 and 3058621 and that defendant's "Schulamid"*
*was the correct material for the said thermal application and for*
*plaintiff's manufacture for Delphi of Part Numbers 3058619 and*
*3058621.*

29.   *Said representations and statements were known by the*
*defendant to be false when he made the same.*

30.   *Said representations and statements were so made by the*
*defendant for the purpose and with the intent of deceiving and*
*defrauding the plaintiff, and to induce the plaintiff, in*
*reliance thereon, to purchase defendant's said "Schulamid"*

31.   *The plaintiff believed said representations and state-*
*ments so made by the defendant to be true and relied thereon, and*
*was thereby induced to purchase defendant's said "Schulamid".*

32.   *As a proximate cause of defendant's conduct as*
*aforesaid, plaintiff has been damaged in the sum of FOUR MILLION*
*DOLLARS, no part of which has been paid by the defendant.*

*WHEREFORE, the plaintiff,* **1 FIVE 0, INC.,** *formerly known as,*
*ULTRA TOOL & PLASTICS, INC., demands judgment against the*

defendant, *A. SCHULMAN, INC.*, as follows:

1.   On the first cause of action, for Judgment against defendant in the amount of $4,000,000.00 with interest,

2.   On the second cause of action, for Judgment against defendant in the amount of $4,000,000.00 with interest,

3.   On the third cause of action, for Judgment against defendant in the amount of $4,000,000.00 with interest,

4.   On the fourth cause of action, for Judgment against defendant in the amount of $4,000,000.00 with interest,

5.   Plaintiff demands a trial by jury of all issues alleged in the complaint,

6.   An award of the costs and disbursements of this action and such other and further relief as to the Court may seem just and proper.

Dated:   May 18, 1999
         Buffalo, New York

Michael J. Stachowski, P.C.
Michael B. Jones, Esq.,
   of Counsel
Attorneys for Plaintiff
2025 Clinton Street
Buffalo, New York 14206
(716) 824-5353

-9-

## CORPORATE VERIFICATION

STATE OF NEW YORK    )    .
COUNTY OF ERIE       )  ss..

   ROBERT LJUNGBERG, being duly sworn, deposes and says: that deponent is the President of 1 FIVE 0, Inc., formerly known as Ultra Tool & Plastics, Inc., the corporation named in the within action; that deponent has read the foregoing complaint and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters stated to be alleged upon information and belief, and as to those matters deponent believes it to be true.

                          Robert Ljungberg, President

Sworn to before me this
20th day of May, 1999.

Notary Public

MICHAEL B. JONES
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN ERIE COUNTY
MY COMMISSION EXPIRES MAR. 7, 20OO

-10-