UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| 1 FIVE 0, INC., | ) | CASE NO. 5-00-01438-JG |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| vs. | ) | |
| | ) | **ANSWER OF DEFENDANT** |
| A. SCHULMAN, INC., | ) | **A. SHULMAN, INC.** |
| | ) | |
| Defendant. | ) | |

Now comes A. Schulman, Inc., by and through undersigned counsel and for its Answer to Plaintiff's Complaint states as follows:

1. A. Schulman denies the allegation contained in Paragraph 1 of Plaintiff's Complaint for lack of information, knowledge or belief because it is untrue or both.

2. A. Schulman admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. The allegations contained in Paragraph 3 of Plaintiff's Complaint are legal conclusions of law to which no response is required.  If it is determined that a response is required, A. Schulman denies the allegations contained in Paragraph 3 of Plaintiff's Complaint.

**ANSWER TO COUNT I**

4.     In response to Paragraph 4 of Plaintiff's Complaint, A. Schulman reavers and realleges each and every answer of Paragraphs 1 through 3 of this Answer as if fully rewritten herein.

5.     A. Schulman admits that it sold 10,000 pounds of Schulamid 66GF33H3-31, but it denies for lack of knowledge, information, or belief as to the remaining the allegations in Paragraph 5 of Plaintiff's Complaint.

6.     A. Schulman denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.     A. Schulman denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.     A. Schulman denies the allegations contained in Paragraph 8 of Plaintiff's Complaint for lack of information, knowledge, belief, or because it is untrue or both.

9.     A. Schulman denies the allegations contained in Paragraph 9 of Plaintiff's Complaint for lack of information, knowledge, belief, or because it is untrue or both.

10.    A. Schulman denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.    A. Schulman denies the allegations contained in Paragraph 11 of Plaintiff's Complaint for lack of information, knowledge, belief, or because it is untrue or both.

12.    A. Schulman denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. A. Schulman denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

## ANSWER TO COUNT II

14. In response to Paragraph 14 of Plaintiff's Complaint, A. Schulman reavers and realleges each and every answer of Paragraphs 1 through 13 of this Answer as if fully rewritten herein.

15. A. Schulman admits upon information and belief that it sold 10,000 pounds of Schulamid 66GF33H3-31 but denies for lack of information, knowledge, or belief, because it is untrue or both, the remaining allegations of Paragraph 15.

16. A. Schulman denies the allegations of contained in Paragraph 16 of Plaintiff's Complaint.

17. A. Schulman denies the allegations of contained in Paragraph 17 of Plaintiff's Complaint.

18. A. Schulman denies the allegations of contained in Paragraph 18 of Plaintiff's Complaint.

19. A. Schulman denies the allegations of contained in Paragraph 19 of Plaintiff's Complaint.

20. A. Schulman denies the allegations of contained in Paragraph 20 of Plaintiff's Complaint.

## ANSWER TO COUNT III

21. In response to Paragraph 21 of Plaintiff's Complaint, A. Schulman reavers and realleges each and every answer of Paragraphs 1 through 20 of this Answer as if fully rewritten herein.

22. A. Schulman denies the allegations of contained in Paragraph 22 of Plaintiff's Complaint.

23. A. Schulman denies the allegations of contained in Paragraph 23 of Plaintiff's Complaint.

24. A. Schulman denies the allegations of contained in Paragraph 24 of Plaintiff's Complaint.

25. A. Schulman denies the allegations of contained in Paragraph 25 of Plaintiff's Complaint.

## ANSWER TO COUNT IV

26. In response to Paragraph 26 of Plaintiff's Complaint, A. Schulman reavers and realleges each and every answer of Paragraphs 1 through 25 of this Answer as if fully rewritten herein.

27. A. Schulman denies the allegations of contained in Paragraph 27 of Plaintiff's Complaint.

28. A. Schulman denies the allegations of contained in Paragraph 28 of Plaintiff's Complaint.

29. A. Schulman denies the allegations of contained in Paragraph 29 of Plaintiff's Complaint.

30. A. Schulman denies the allegations of contained in Paragraph 30 of Plaintiff's Complaint.

31. A. Schulman denies the allegations of contained in Paragraph 31 of Plaintiff's Complaint.

32. A. Schulman denies the allegations of contained in Paragraph 32 of Plaintiff's Complaint.

## **AFFIRMATIVE DEFENSES**

33. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

34. Plaintiff's damages, if any there were, were caused by their sole negligence.

35. Plaintiff's damages, if any there were, were caused by the unforeseeable alteration, misuse and abuse of A. Schulman, Inc. products.

36. The Plaintiff was at all times a sophisticated user of the product involved in this lawsuit. Being a knowledgeable and sophisticated user of said chemicals and products, it was under a duty to investigate and determine the application and use of the product and chemicals involved and it was under a duty to determine the suitability and applicability of use of the product or chemicals involved in the lawsuit to the application for which it intended to use said products or chemicals.

37. Plaintiff had actual or constructive knowledge of the products sold to it and used by it which it now claims caused them damages, and therefore, there

was a lack of reliance by Plaintiff upon any statement, representation or warranty made by this answering Defendant.

38. Plaintiff's claims are barred and/or in the alternative should be discounted or reduced due to Plaintiff's failure to mitigate and/or cover its alleged damages.

39. Plaintiff's failed to give seasonable and reasonable notice to this answering Defendant of any alleged defect with the product.

40. Plaintiff's claims are barred by the economic loss doctrine.

41. Plaintiff's cause of action is barred by the applicable Statute of Limitations.

42. Plaintiff's damages, if any there were, stem from its unreasonable assumption of an open and obvious risk.

43. This answering Defendant provided adequate warning and/or instruction concerning all dangers, and/or risks associated with the use of the product which is not otherwise an open and obvious risk and which is a matter of common knowledge.

44. Plaintiff has failed to plead its allegations of fraud or mistake with the requisite particularity required pursuant to Federal Rule of Civil Procedure 9(b) and thus is barred to recover on the same.

45. Plaintiff's alleged economic loss may have been paid, replaced or indemnified in whole or in part from collateral sources and to that extent, Defendant requests that in the event Plaintiff recovers judgment herein, that such amounts may have been or may be recovered in whole or in part from collateral sources be

determined by the Court and the amount Plaintiff may recover be reduced or set-off by any said amounts.

46. The damages Plaintiff claims, to the extent of which is not admitted but is expressly denied, were the result of changes and/or alterations and/or modifications and/or omissions and/or failure to head the instructions with the product sold to Plaintiff that were made by Plaintiff or others which act as a superseding and/or intervening cause and therefore have become the proximate cause of the damages alleged by Plaintiff.

47. Plaintiff failed to exercise reasonable and ordinary care, caution or prudence for its own safety in order to avoid the incident alleged to have caused them injury or other damages. The resulting injury and damages sustained by Plaintiff, in any there were, were proximately caused by the negligence of Plaintiff and/or others. Therefore said negligence bars recovery by Plaintiff, or, in the alternative, reduces Plaintiff's right of recovery by that amount to which said negligence contributed to the incident as set forth in the Doctrine of Comparative Negligence.

48. Plaintiff's claimed damages are barred in whole or in part by the contract and/or purchase orders upon which it relied.

49. This answering Defendant reserves the right to assert additional Affirmative Defenses as may become known through discovery in this matter.

WHEREFORE, Defendant A. Schulman, Inc., having fully answered Plaintiff's Complaint, prays that this Court dismisses the Complaint with prejudice, and costs be assessed against the Plaintiff, or in the alternative, that any amount to

which Plaintiff may become entitled to by way of judgment be reduced by the amount to which Plaintiff's negligence contributed to the incident as set forth in the Doctrine for Comparative Negligence.

Respectfully submitted,

/s/ EDWARD O. PATTON
JEFFREY L. TASSE    0006492
EDWARD O. PATTON    0042004
Attorneys for Defendant
**Mansour, Gavin, Gerlack & Manos Co., L.P.A.**
55 Public Square, Suite 2150
Cleveland, Ohio 44113
Phone: (216) 523-1500
Fax: (216) 523-1705
E-Mail: DOCKET@MGGMLPA.COM

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2000, a copy of the foregoing Answer of Defendant A. Schulman, Inc. was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                            /s/ EDWARD O. PATTON
                                            EDWARD O. PATTON    0042004

Answer.wpd